# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION |
| Plaintiff, | : | |
| v. | : | No. 11-649 |
| ROBERT ODOM, | : | |
| Defendant. | : | |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                               May 9, 2012

Presently before the Court is Defendant Robert Odom's ("Odom") "Motion to Dismiss for Violation of Right to a Speedy Trial" (Doc. No. 27), and Plaintiff, United States of America's ("Government"), Response in Opposition. For the reasons set forth below, Defendant's Motion is denied.

**I.    BACKGROUND**

Robert Odom was indicted by a grand jury for unlawful possession of a handgun by a convicted felon. (Id.) On January 12, 2012, Odom was arraigned before Magistrate Judge L. Felipe Restrepo and pled not guilty. (Id.)

The next several months are rife with withdrawals and appointments of new counsel. Odom was initially represented by Assistant Federal Defender Nina C. Spizer. (Id.) She was replaced by fellow Assistant Federal Defender, Rossman D. Thompson ("Thompson"). (Id. at 2.) On March 16, 2012, Thompson withdrew as counsel due to a conflict of interest. Three days

1

later, the Court appointed Michael J. Engle ("Engle") to replace Thompson and granted a continuance to allow Engle time to prepare his case. (Id.) Within weeks, the attorney-client relationship between Engle and Odom became unworkable and Engle moved to withdraw as counsel. (Id.) On April 2, 2012, the Court granted Engle's motion and appointed Kenneth C. Edelin, Jr. ("Edelin") as defense counsel. (Id.) Edelin is Odom's current defense counsel. (Id.)

As a result of the consistent turnover of defense counsel, a suppression hearing was postponed for over a month. The Motion, originally filed by Thompson on February 28, 2012, was scheduled for a hearing on March 19, 2012, but rescheduled twice due to the requests of defense counsel. (Id. at 2-3.) On April 25, 2012, after conducting a hearing on the Motion to Suppress, we denied the Defendant's Motion. (Id. at 3.) Odom subsequently filed the instant Motion to Dismiss for Violation of his Right to a Speedy Trial.

## II.  DISCUSSION

### A.  The Speedy Trial Act

In any case in which a plea of not guilty is entered, a trial must be commenced within seventy days from either the filing date of the indictment or from the date the defendant appeared before a court in which the charge is pending, whichever date is last. 18 U.S.C. § 3161(c)(1). This statute, known as the Speedy Trial Act (the "Act"), serves dual purposes: to give effect to federal defendants speedy trial rights under the Sixth Amendment and to mitigate the danger to society of accused persons being on bail for lengthy time periods. See H.R. Rep. No. 96-390, at 806 (1979). The Act provides for various exclusions which are applicable in this action. See 18 U.S.C. § 3161(h).

On January 10, 2012, Odom made an initial appearance and entered a plea of not guilty.

Thus, the seventy day time limit imposed by the Act was initiated setting a trial deadline of March 20, 2012. This deadline was not met. However, we find that the delays were justified and excepted from the computation of time under the Act.

1.  ***The Granting of a Continuance Excludes Fourteen Days from the Seventy Day Deadline***

Delays resulting from the granting of a continuance are to be excluded from the time period by which a trial must commence if such is granted on the basis of a finding that the ends of justice served by taking such an action outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(7)(A). In such situations, the court must set forth, orally or in writing, its reasons supporting the decision. Id. Additionally of relevance to this case, a Judge must consider whether a failure to grant a continuance would be likely to "make a continuation of such proceeding impossible, or result in a miscarriage of justice" or would deny the counsel for the defendant the "reasonable time necessary for effective preparation." 18 U.S.C. § 3161(7)(A) & (B)(iv).

In the case *sub judice*, this Court ordered a continuance on March 19, 2012, until April 2, 2012. The Court explicitly detailed its reasoning asserting the "failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." See Doc. No. 21. Specifically, the Court noted that new counsel had to be appointed for Odom and that the new counsel needed additional time to prepare for trial. Id. The Court came to this conclusion after a finding that "the ends of justice served by granting this continuance outweigh the best interests of the public and the defendant in a speedy trial." Id. Accordingly, the Court's decision is firmly supported by the exceptions to

the Speedy Trial Act. Thus, the fourteen days between March 19, 2012, and April 2, 2012, are properly excluded from the seventy day deadline.

**2.** *The Suppression Motion Excludes Fifty-Seven Days from the Seventy Day Deadline*

The Act contains an express exclusion for delays emanating from the filing of a pretrial motion. 18 U.S.C. § 3161(h)(1)(D). Specifically, the time from the "filing of the motion through the conclusion of the hearing on, or other prompt disposition" of the motion are excepted from the seventy day mandate. Id.

On February 28, 2012, Odom filed a Motion to Suppress. Due to the numerous changes of defense counsel, this hearing originally scheduled for March 19, 2012, was rescheduled twice and finally concluded on April 25, 2012. Under 18 U.S.C. § 3161(h)(1)(D), the fifty-seven days from the filing of the Motion to the conclusion of the hearing are excluded.

**3.** *Motions to Withdraw as Counsel Excludes Eight Days from the Seventy Day Deadline*

When a Motion to Withdraw as Counsel has been filed, the time period from the filing date to the conclusion of the hearing is excluded from the deadline calculations. 18 U.S.C. § 3161(h)(1)(D). In this case, the exclusions are already encapsulated in our previous finding regarding the Motion to Suppress. In spite of this finding, we set forth for the record the following:

(a) On March 16, 2012, defense counsel Rossman Thompson filed a Motion to Withdraw as Counsel citing a conflict of interest. See Doc. No. 19. The Court granted this Motion on March 19, 2012, and appointed Michael Engle as new defense counsel. See Doc. No. 22. Accordingly, these three days are excluded.

(b) On March 28, 2012, Engle filed a Motion to Withdraw as Counsel due to Odom's

4

allegations that he was a "racist" and the complete dissolution of the attorney-client relationship. See Doc. No. 23. Engle's Motion was granted five days later on April 2, 2012. Consequently, these five days must be excluded.

**4.** ***The Motion to Dismiss for Violation of Right to a Speedy Trial Excludes Eleven Days from the Seventy Day Deadline***

On April 26, 2012, Odom filed a Motion to Dismiss for Violation of his Right to a Speedy Trial. Thus, the time period from this filing to our disposition in this Opinion is excludable under 18 U.S.C. § 3161(h)(1)(D).

**B.** **CONCLUSION**

In light of the record, we fail to find any violations of the Speedy Trial Act or infringement upon Odom's rights. To the contrary, we find that the sixty-eight day time period from February 28, 2012, until April 25, 2012, and April 26, 2012, through May 7, 2012, is properly excluded from any calculations relating to the seventy day deadline set forth in the Act. In regards to the Act, only sixty-four days will have passed before the commencement of trial. This time period is less than the seventy day deadline mandated by the Speedy Trial Act. Accordingly, the Defendant's Motion to Dismiss for Violation of his Right to a Speedy Trial is denied.

An appropriate Order follows.